UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SARAH LARRABEE,

                Plaintiff,

   -against-

UNITED STATES OF AMERICA,

                Defendant.
-------------------------------------------------------------X

Civil Action No.:
2:22-cv-187

**VERIFIED COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Plaintiff, by her attorneys, LAW OFFICES OF SANDRA M. RADNA, P.C., complaining of the Defendant, respectfully alleges, upon information and belief, as follows:

## INTRODUCTION

1. This is an action against the Defendant **UNITED STATES OF AMERICA** under The Federal Tort Claims Act (28 U.S.C. §2671, et seq.) and 28 U.S.C. §1346(b)(1) for negligence and medical malpractice in connection with medical care provided to Plaintiff **SARAH LARRABEE** at the U.S. Department of Veterans Affairs at the Northport VA Medical Center located at 79 Middleville Road, Northport, New York.

2. The claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, et seq.) and 28 U.S.C. §1346(b)(1) for money damages as compensation for personal injuries caused by the Defendant's negligence.

3. Plaintiff **SARAH LARRABEE** has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act by filing a Standard Form 95 with the U.S. Department of Veteran Affairs on or about December 22, 2020. *Standard Form 95 is attached as Exhibit A.*

4. This suit has been timely filed in that Plaintiff served notice of her claim on the U.S. Department of Veterans Affairs less than two years after the incident forming the basis of this suit.

5. Plaintiff is not filing this Complaint pursuant to 28 U.S.C. §2401(b) after receiving the U.S. Department of Veterans Affairs notice of "final denial" dated July 23, 2021. Plaintiff is commencing this instant action within six months of the above-mentioned final denial of the claim. *Administrative Tort Claim Denial Letter attached as Exhibit B.*

## JURISDICTION AND VENUE

6. At all times herein mentioned, Plaintiff was and still is a resident of the County of Suffolk, State of New York.

7. Plaintiff **SARAH LARRABEE** currently resides at 18 Erland Road, Stony Brook, New York 11790.

8. Defendant **UNITED STATES OF AMERICA,** through its agency, The U.S. Department of Veterans Affairs, operates the Northport VA Medical Center, located at 79 Middleville Road, Northport, County of Suffolk, State of New York.

9. Defendant **UNITED STATES OF AMERICA,** including its directors, officers, operators, Administrators, employees, agents and staff at the Northport VA Medical Center are hereinafter collectively referred to as "Northport VA Medical Center."

10. The amount in controversy in this matter exceeds the sum of **SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS** exclusive of interest and costs.

11. Jurisdiction is properly had over this matter pursuant to 28 U.S.C. §1346(b)(1).

12. Venue is properly placed in the United States District Court for the Eastern District of New York.

## AS AND FOR FIRST CAUSE OF ACTION

13. At all times mentioned herein, Defendant **UNITED STATES OF AMERICA** owned, operated, controlled, and managed a health care facility pursuant to the laws of the State of New York for the care of the medical issues, located at 79 Middleville Road, Northport, New York known as Northport VA Medical Center, which provided personnel, including doctors, nurses, attendants, physician's assistants and others for the care and treatment of its patients and which held itself out to the public as furnishing treatment facilities where patients, including Plaintiff **SARAH LARRABEE** could be treated.

14. At all times mentioned herein, Defendant **UNITED STATES OF AMERICA** at the Northport VA Medical Center held themselves out to offer professional, medical and related services to the public in general, and to Plaintiff **SARAH LARRABEE** in particular.

15. At all times mentioned herein, Defendant **UNITED STATES OF AMERICA** at the Northport VA Medical Center represented that they and their staff, doctors, nurses and employees were competent to perform and render all the medical care, treatment, services and advice required by Plaintiff **SARAH LARRABEE.**

16. That during a continuous course of treatment from on or about July 3, 2018 up to and including February 4, 2019, Plaintiff SARAH LARRABEE received treatment and medical advice from Dr. Robert H. Kramer at Northport VA Medical Center, as well as

from the agents, servants, employees, and/or associates of the defendant, **UNITED STATES OF AMERICA,** at Northport VA Medical Center.

17. Defendant, **UNITED STATES OF AMERICA,** through its agents, servants, employees and/or associates, was expected to render standard, proper and careful medical care and treatment, including standard, proper and careful medical care and treatment, in accordance with good and accepted medical practices, methods, standards and procedures.

18. Defendant, **UNITED STATES OF AMERICA,** through its agents, servants, employees and/or associates, were careless and negligent and departed from the standards of good and accepted medical care and treatment and standards of care in their treatment of Plaintiff **SARAH LARRABEE,** and the physicians and other personnel at Northport VA Medical Center, including Robert H. Kramer, M.D., Robert Connally, M.D., Ross Weller, M.D., Ryan Chiu, M.D., and Joseph J. Sorrento, M.D., and their agents, servants, and assigns were negligent and careless in said care and treatment, and said care and treatment was not in accordance with good and accepted medical practices then and there existing.

19. Defendant, **UNITED STATES OF AMERICA,** through its agents, servants, employees and/or associates, was careless and negligent, and committed medical malpractice, in that its personnel failed to adequately and properly diagnose, care for, treat and manage **SARAH LARRABEE,** in failing to appropriately perform a total vaginal hysterectomy with anterior and posterior colporrhaphy on December 26, 2018; in failing to properly perform the aforementioned operative procedure resulting in a large amount of intraoperative bleeding from the left uterine artery and internal side of the vaginal cuff; in

improperly performing a total vaginal hysterectomy with anterior and posterior colporrhaphy which required Plaintiff to undergo exploratory laparoscopy and hemostasis by cautery; in failing to obtain appropriate consultations; in failing to properly treat Plaintiff's condition of uterine prolapse, vaginal rectocele, and chronic constipation with necessity of digitalizing vagina to have a bowel movement; in failing to employ approved methods and measures generally in use during the Plaintiff's December 26, 2018 surgery and in the care and treatment of Plaintiff; in departing from accepted standards of medical practices and procedures; in failing to use ordinary and reasonable medical care, diligence, and skill; in failing to possess the requisite degree of learning, knowledge and skill; in negligently and prematurely discharging Plaintiff **SARAH LARRABEE** subsequent to surgery on December 27, 2018; in failing to properly treat Plaintiff when she was exhibiting signs and symptoms of infection following her procedure on December 26, 2018, for which she was subsequently hospitalized; in failing to properly treat Plaintiff when she presented to Dr. Robert Kramer at Northport VA Medical Center post-operatively on January 7, 2019, January 10, 2019, and February 4, 2019; in failing to perform appropriate pre-operative examinations; in failing to adequately and properly diagnose, care for, treat and manage Plaintiff's condition, both prior, during, and subsequent to Plaintiff **SARAH LARRABEE's** surgical procedure, and as such Plaintiff was allowed, caused and permitted to suffer severe, significant and irreparable injury and damage; in failing to properly treat Plaintiff **SARAH LARRABEE's** condition of sepsis post-operatively; in failing to institute appropriate treatment for Plaintiff's post-operative condition; in failing to refer Plaintiff **SARAH LARRABEE**, for emergent treatment with regard to her condition of sepsis; in failing to order or conduct appropriate testing; in

failing to properly document and record Plaintiff **SARAH LARRABEE's** condition in the operative report while performing her surgery on December 26, 2018; in failing to timely notify Plaintiff **SARAH LARRABEE**, of the results of her surgery that was performed on December 26, 2018; in failing to institute appropriate therapy for Plaintiff **SARAH LARRABEE's** condition; in misleading Plaintiff **SARAH LARRABEE**, as to the true nature of her medical condition; in treating Plaintiff **SARAH LARRABEE**, in a manner which exacerbated her PTSD; in negligently in causing, allowing and permitting the Plaintiff **SARAH LARRABEE's** condition to worsen and deteriorate, thereby necessitating hospitalization, treatment, and subsequent surgery.

20. The Plaintiff was allowed, caused, and permitted to suffer severe and significant and irreparable injury and damage all of which was avoidable by the exercise of due and reasonable care on the part of the defendant herein without the Plaintiff being contributorily negligent thereto.

21. The above medical care, diagnosis, treatment, and services rendered to Plaintiff **SARAH LARRABEE** were rendered negligently, carelessly, unskillfully, and not in accordance with accepted standards of medical care, diagnosis, treatment and services in the community.

22. By reason of the above, Plaintiff **SARAH LARRABEE,** was caused to suffer severe and irreparable personal injuries and damages, including post-operative sepsis; hemorrhage and massive blood loss, requiring blood transfusion; disfigurement; urogenital abnormalities; scar tissue formation; failed cystocele and rectocele repair; urinary and fecal incontinence; conscious pain and suffering; loss of enjoyment and quality of life; loss of earnings; economic loss; severe physical and emotional pain and suffering; and a

recurrence of Plaintiff **SARAH LARRABEE's** PTSD requiring her to incur great medical expenses for further care and treatment, vocational as well as other therapies, future hospitalizations as well as other care, and has otherwise been caused to be damaged thereby, all of which were otherwise avoidable by the exercise of due and reasonable care.

23. By reason of the above premises, Plaintiff **SARAH LARRABEE,** was caused to suffer severe and irreparable personal injuries and damages, which were otherwise avoidable by the exercise of due and reasonable care, and as such, Plaintiff **SARAH LARRABEE,** specifically sets forth a substantial cause of action for damages in the amount of Two Million Five Hundred Thousand Dollars ($2,500,000.00).

## AS AND FOR A SECOND CAUSE OF ACTION

24. The Plaintiff repeats, reiterates and realleges each and every allegation set forth in the First Cause of Action as if set forth in full herein.

25. That at no time was the Plaintiff ever advised, either orally or in writing of the possible risks and dangers nor the possibility of permanent damage to the Plaintiff with regard to the care being rendered to the Plaintiff, nor was she ever advised that she may suffer severe or personal injuries and damages, and had the defendant or any of its agents, servants, employees and/or associates informed or advised the Plaintiff of the possible risks involved, the Plaintiff would not have been lulled into a false sense of security and would never have consented to the treatment rendered to the Plaintiff, all of which resulted in damage to the Plaintiff herein.

26. That as a result of the foregoing, the Plaintiff has been damaged in the amount and manner aforesaid in a substantial sum of money to be determined by a Court and jury in

excess of the jurisdictional limits of all lower Courts which would otherwise have jurisdiction over this action.

27. That by reason of the above premises, the medical care and treatment rendered and afforded to the Plaintiff, **SARAH LARRABEE,** was without first obtaining an informed consent, and, as such, the plaintiff has been damaged, and set forth a substantial cause of action in the amount of Two Million Five Hundred Thousand Dollars ($2,500,000.00).

**WHEREFORE,** the Plaintiff, **SARAH LARRABEE,** demands judgment of the defendant, **UNITED STATES OF AMERICA,** in the total amount of Five Million Dollars ($5,000,000.00).

Dated: Melville, New York
January 12, 2022

Yours, etc.

By: _____
SANDRA M. RADNA (SMR 0707)
LAW OFFICES OF
SANDRA M. RADNA, P.C.
*Attorneys for Plaintiff*
SARAH LARRABEE
200 Broadhollow Road, Suite 314
Melville, New York 11747
(631) 754-6382

## VERIFICATION

STATE OF NEW YORK )
) ss.:
COUNTY OF SUFFOLK )

SARAH LARRABEE being duly sworn deposes and says:

That I am the Plaintiff in the within matter. I have read the within **VERIFIED COMPLAINT** and know the contents thereof to be true to your affiant's own knowledge, with the exception of those matters therein stated to be alleged upon information and belief and, as to those matters, your affiant believes them to be true.

_____
SARAH LARRABEE

Sworn to before me this 12 day
of January, 2022.

_Shannon Hauth_
**NOTARY PUBLIC**

Shannon Leigh Hauth, Esq.
Notary Public, State of New York
Reg. No. 02HA6420963
Qualified in Suffolk County
Commission Expires 08/23/20 25

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SARAH LARRABEE,

                Plaintiff,

    -against-

UNITED STATES OF AMERICA,            CERTIFICATE PURSUANT TO

                Defendant.

                                                             CPLR 3012 (a)
------------------------------------------------------------X

      **SANDRA M. RADNA**, an attorney duly admitted to practice law before the courts of this State, and the Principal of **LAW OFFICES OF SANDRA M. RADNA, P.C.** attorneys for Plaintiff, affirms the following to be true under penalties of perjury:

      I certify that I have reviewed the facts of this case and have consulted with a physician licensed to practice in this State who I reasonably believe is knowledgeable in the relevant issues involved in this action, and that I have concluded, on the basis of such review and consultation, that there is a reasonable basis for the commencement of this action.

Dated:  Melville, New York
          January 12, 2022

                                                                       _____
                                                                       **SANDRA M. RADNA**

Civil No. 2:22-cv-187                                    Year

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SARAH LARRABEE,

                Plaintiff,

    -against-

THE UNITED STATES OF AMERICA,

                Defendant.

**VERIFIED COMPLAINT**

**LAW OFFICES OF
SANDRA M. RADNA, P.C.**
Attorneys for *Plaintiff*
**200 Broadhollow Road, Suite 314
Melville, New York 11747
(631)754-6382 (telephone)
(631)754-6381 (facsimile)**

*To:*

*Attorney(s) for*

*Service of a copy of the within is hereby admitted.*
*Dated:*

                                                       _____
                                                          *Attorney(s) for*

PLEASE TAKE NOTICE

       [ ]    that the within is a (certified) true copy of a entered in the office of the clerk of the within named Court on    , 20

       [ ]    that an Order of which the within is a true copy will be presented for settlement to the Hon. one of the judges of the within named Court, at    on    , 20 , at    .m.

    Dated:

                                                     **LAW OFFICES OF SANDRA M. RADNA, P.C.**
                                                     Attorneys for *Plaintiff*
                                                     **200 Broadhollow Road, Suite 314
                                                   Melville, New York 11747
                                                   (631)754-6382 (telephone)
                                                   (631)754-6381 (facsimile)**