UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
                                                                    :
SARAH LARRABEE,                                                     :
                                                                    :   22-cv-187-ARR-LGD
                                Plaintiff,                          :
                                                                    :   NOT FOR ELECTRONIC OR
        -against-                                                   :   PRINT PUBLICATION
                                                                    :
UNITED STATES OF AMERICA,                                           :   **OPINION & ORDER**
                                                                    :
                                Defendant.                          :
                                                                    :
                                                                    :
------------------------------------------------------------------- :
                                                                    X

ROSS, United States District Judge:

Plaintiff Sarah Larrabee has sued defendant the United States of America for (1) medical malpractice and negligence and (2) failure to obtain her informed consent. Defendant moves to dismiss plaintiff's informed consent claim for lack of subject matter jurisdiction because she failed to comply with the Federal Tort Claims Act's ("FTCA") requirement that she first "present" her claim to the appropriate federal agency. I conclude that plaintiff failed to properly present the informed consent claim and dismiss it with prejudice for lack of subject matter jurisdiction.

This action arises out of a hysterectomy performed on plaintiff on December 26, 2018 at the Northport VA Medical Center. Compl. ¶ 19, ECF No. 1. Following the surgery, plaintiff developed post-operative sepsis and was hospitalized. *Id.* Plaintiff alleges that the surgery was negligently performed and that she requires surgical repair to fix the damage. *Id.*

Plaintiff timely submitted a Standard Form 95 ("SF 95") to the Department of Veterans Affairs ("VA") informing the VA of the basis of her claims and the nature and extent of her injury. *See* Compl. Ex. A ("Pl.'s SF 95"), ECF No. 1-3. Defendant does not contend that the SF 95 failed to present the medical malpractice claim but argues that the SF 95 did not present Larrabee's claim

for failure to obtain informed consent. Plaintiff contends that her claim for failure to obtain informed consent should have been obvious from the facts presented by her SF 95 and therefore she satisfied the presentment requirement of the FTCA.

"The United States, as sovereign, is immune from suit unless it waives immunity and consents to be sued." *Collins v. United States*, 996 F.3d 102, 108–09 (2d Cir. 2021) (quotation omitted). The FTCA provides one such waiver of sovereign immunity, subject to the "jurisdictional prerequisite" that the claim be properly presented to the government before a suit is filed. *Id.* at 109. The FTCA provides in relevant part that "[a]n action shall not be instituted upon a claim against the United States for money damages for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government . . . unless the claimant shall have first presented the claim to the appropriate Federal agency" for review. 28 U.S.C. § 2675(a). "The FTCA bars claimants from bringing suit in federal court" without satisfying this requirement, and dismissal is proper if the claim was not first presented. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Further, "[t]he requirement that a notice of claim be filed is jurisdictional and cannot be waived." *Keene Corp. v. United States*, 700 F.2d 836, 841 (2d Cir. 1983). The burden of proving that the government was provided sufficient information regarding the nature and merits of the claim is upon the claimant, "and that burden is not met simply . . . because the government is generally familiar" with the type of litigation. *Id.* at 842.

"[A] Notice of Claim filed pursuant to the FTCA must provide enough information to permit the agency to conduct an investigation and to estimate the claim's worth" and "must be specific enough to serve the purpose of the FTCA to enable the federal government to expedite the fair settlement of tort claims." *Romulus v. United States*, 160 F.3d 131, 132 (2d Cir. 1998) (citations omitted). "[T]he mere act of filing a SF 95 does not necessarily fulfill the presentment

2

requirement . . . . A claimant must provide more than conclusory statements which afford the agency involved no reasonable opportunity to investigate." *Id.* In considering whether the claim has been presented, "[t]he relevant inquiry is whether the substance of the administrative claim . . . put the relevant federal agency on notice." *Matthias v. United States*, 475 F. Supp. 3d 125, 139 (E.D.N.Y. 2020).

Plaintiff acknowledges that she never made a direct claim regarding her informed consent to the hysterectomy, arguing that "portions of [her] medical records were also attached to the SF-95, providing . . . a basis for the informed consent cause of action." *See* Pl.'s Opp'n to Mot. to Dismiss 1 ("Opp'n"), ECF No. 24; *see also id.* at 3 ("[A] review of [p]laintiff's SF-95 and the medical records attached thereto demonstrates that the [d]efendant *should have been on notice* that she would assert a lack of informed consent claim." (emphasis added)). Plaintiff argues that under New York law, to establish an informed consent there must be "an objective showing that a reasonably prudent person would have decided against the procedures actually performed." *Id.* at 3 (citing *Trabal v. Queens Surgi-Center*, 779 N.Y.S. 2d 504, 506 (2d Dep't. 2004)). Because her SF 95 "detailed the devastating injuries caused" by the government's employee, and because "[i]t is axiomatic that no reasonably prudent patient would ever consent to be so grievously injured," plaintiff contends that the United States "should have been aware that [she] would allege[] a lack of informed consent." *Id.* at 3–4.

At least one court has found that "an allegation that a patient was not treated properly, or that there were departures from accepted standards of medical care, should have prompted an inquiry into what was communicated to" the claimant, and that therefore allegations of malpractice are sufficient to present an informed consent claim. *Soriano v. United States*, No. 12-CV-4752 (VB), 2013 WL 3316132, at *7 (S.D.N.Y. July 1, 2013) (internal quotation marks omitted). The

3

government characterizes *Soriano* as "an outlier" and directs my attention to two subsequent opinions from this district which declined to follow *Soriano*'s reasoning. *See* Def.'s Reply in Supp. Mot. to Dismiss 7–8, ECF No. 25 (citing *Godinez-Torres v. United States*, No. 14-CV-1097 (CBA), 2016 WL 11670284, at *5 (E.D.N.Y. Mar. 31, 2016) and *Matthias*, 475 F. Supp. 3d at 139).

Having reviewed these cases and plaintiff's SF 95, I conclude that the SF 95 did not properly present a claim for failure to obtain Ms. Larrabee's informed consent. Unlike the SF 95 in *Soriano*, Ms. Larrabee did not describe her injury as being caused by the "negligence and departures from accepted standards of . . . care" of her surgeon, *Soriano*, 2013 WL 3316132, at *2, but rather described her injury as "negligently *performed* surgery," Pl.'s SF 95, Attach. at 2 (emphasis added). Plaintiff further described "the surgery *performed*" as "incomplete, improper and caus[ing] horrific and significant injury." *Id.* (emphasis added). Plaintiff's SF 95 thus focuses on a single event—the surgery—rather than her entire course of treatment, and I find that based on the content of plaintiff's SF 95 the VA was not placed on notice of the informed consent claim. *See Matthias*, 475 F. Supp. 3d at 139 (finding that "the claim . . . provides no detail as to any alleged failure on the part of the physicians to obtain informed consent").

Plaintiff also contends that the government should have been aware of her informed consent claims because her medical records were attached to the SF 95 and "detail surgical injuries to which it is clear that no patient would ever consent." Opp'n 4. I have reviewed the medical records and conclude they do not support plaintiff's informed consent claim. *See* Opp'n Ex. A, ECF No. 24-1. Although the records support plaintiff's claim that she has suffered significant injuries, they do not contain any information about plaintiff's decision to undergo the hysterectomy or detail any conversation she had with her surgeon, and relate solely to consultations dated

4

November 30, 2020 through December 9, 2020. *Id.* The VA's investigation of an informed consent claim would not concern whether she consented to the ultimate *result* of her surgery, but whether she was informed of "the risks, benefits and alternatives to the *procedure*" itself. *Orphan v. Pilnik*, 15 N.Y.3d 907, 908 (2010). Her subsequent medical records have no bearing on what she was told by her medical provider prior to her surgery and thus could not have put the government on notice of the informed consent claim.

      Because compliance with the FTCA is a jurisdictional requirement and plaintiff has failed to comply with the requirement to present her informed consent claim, I dismiss this claim with prejudice for lack of subject matter jurisdiction.

SO ORDERED.

Dated:     December 29, 2022                           /s
              Brooklyn, NY                            Allyne R. Ross
                                                              United States District Judge